————o————

EVERETT W. PATTISON, Administrator *de bonis non* of the estate of PHILIP GIBSON, deceased, Plaintiff in Error, *vs.* EDWARD COONS, Defendant in Error.

1. *Administrator must determine for himself whether fund belongs to estate of deceased—Parol evidence, when proper, etc.*—An agent credited to the account of the husband, the proceeds derived from the sale of certain lands belonging to the wife, and turned the sum over to the administrator of the husband, *Held* that the administrator properly refused to be governed by the books of the agent, and was right in not charging himself with that amount. He was authorized to determine for himself to what fund it belonged. And the fact might be shown by parol evidence.

*Error to St. Louis Circuit Court.*

*E. W. Pattison,* for Plaintiff in Error.

*Cline, Jamison & Day,* for Defendant in Error.

Vories, Judge, delivered the opinion of the court.

The plaintiff in this case as the administrator *de bonis non* of the estate of Philip Gibson, deceased, brought this action to surcharge the final settlement made by the defendant as the former administrator of said estate, on the ground that defendant, as such administrator, had received nine hundred and sixty-two 61-100, dollars as assets of said estate, which he had fraudulently failed to inventory as assets belonging to said estate, and had in his final settlement with the Probate Court, after having been removed from said office of administrator, fraudulently withheld said sum and failed to charge himself therewith, thereby defrauding said estate of said sum, etc.

The facts charged in the plaintiff's petition were denied by the defendant's answer. The facts of the case as shown by the bill of exceptions, are about as follows : Philip Gibson prior to the year 1863, was the owner of a small tract of land, at or near the City of St. Louis, in St. Louis county, Missouri ; that said land was laid out into town lots, in said year of 1863, and was called, Gibson's addition to the City of St. Louis. In that year, one E. G. Obear, who was a land agent in St. Louis, was employed by said Gibson, to act as his agent in making sale of these lots. Obear had from time to time, made sale of lots or portions of said land through the year 1863, and the forepart of 1864. On the 6th day of May, 1864, Philip Gibson by deed of that date, conveyed to his wife Elizabeth Gibson, a considerable number of these lots, or in other words, he conveyed the lots to the agent Obear, to be held in trust for the sole and separate use of said Elizabeth, free from the control of her husband, and to be sold at her discretion, the proceeds to become her property free from the control of her husband. After this deed, Obear continued to act as the agent of Philip Gibson as well as the trustee for the said Elizabeth as to the lots conveyed to him for her. He sold a num-

ber of the lots belonging to Philip Gibson, as well as several of the lots conveyed to him in trust for said Elizabeth.

Obear had in 1863, opened an account on his books with Philip Gibson in which he made entries of amounts received by him, for lots sold for Philip Gibson, and credited himself with amounts paid out to, or for said Gibson ; and after the lots had been conveyed to Obear, in trust for Elizabeth Gibson, he sold several of said lots for her, and in place of opening another account in her name, he entered the amounts received for the lots sold for her use, in the same account opened with Philip Gibson as aforesaid. This account was read in evidence, from which it was shown that various amounts had been paid out to Philip Gibson, amounting in all to several thousand dollars, and that there was still in the hands of Obear, the sum of nine hundred and sixty-two dollars and sixty-one cents. It was also shown, that a larger sum had been received by Obear for lots sold by him, which were held by him in trust for Elizabeth Gibson, than the whole amount still remaining in his hands, and there was no evidence to show that any sum whatever had been paid by Obear to Elizabeth Gibson.

In this condition of affairs, in the latter part of the year of 1865, both Philip Gibson and Elizabeth Gibson died, and the defendant being a neighbor of the parties, took out letters of administration on the estate of each, and entered upon his duties as such. After taking out letters of administration he applied to Obear for the money remaining in his hands for the sale of lots as aforesaid. The defendant being the administrator of both estates, and knowing that Obear had been selling lots, both for Philip Gibson and Elizabeth Gibson, inquired of Obear, or his clerk, whether the money on hand had been received for the land of Philip Gibson sold by him, or for lands held for him in trust for Elizabeth Gibson. After the account was examined by the clerk of Obear, he told defendant that the money had been received for the lots held in trust for Elizabeth Gibson. The money was then paid over to defendant who placed the amount thereof, ($962.61-100,) on the inventory of the estate of Elizabeth Gibson, and failed to credit any part thereof to the estate of Philip Gibson, and

made his settlement of the estate of Philip Gibson without charging himself with said amount. Defendant was removed by the Probate Court from his office or trust as administrator of the estate of Philip Gibson, deceased, and plaintiff appointed as administrator of said estate in his place, after which defendant appeared in the Probate Court and made his final settlement with said estate, still failing in any way to charge himself with said sum, of $962,61-100, received of Obear, or otherwise accounting for the same in said final settlement. It was this final settlement that is sought to be set aside in this suit, and the only fraud charged, or attempted to be proved, is the fraudulent failure of defendant to inventory said sum of money, as part of the effects of the estate of Philip Gibson deceased, and his not charging himself therewith in his final settlement. The court at Special Term found the issues for the defendant and rendered a judgment in his favor. From this judgment the plaintiff appealed to the General Term of the St. Louis Circuit Court, where the judgment of the Special Term was affirmed, from which the plaintiff appealed to this court.

The only question which seems to have been considered by the court below, and I apprehend the only question necessary to be considered here, is, whether the money paid the defendant by Obear, properly belonged to the estate of Philip Gibson, or the estate of Elizabeth Gibson. It is insisted by the plaintiff, that as the money in Obear's hands, was credited to the account of Philip Gibson, the administrator was thereby bound to carry the same into the assets of the estate of Philip Gibson, and that he had no right or power to decide that the money belonged to Elizabeth Gibson ; and that the court below erred in permitting parol evidence to be introduced to show that the money really belonged to Elizabeth Gibson as her separate property. This position I think cannot be maintained. When the money was found in Obear's hands, under the circumstances shown by the evidence, the defendant was bound to decide as to which estate it belonged. It is true his decision would not be final. It was made at his peril. If he had decided wrongly, his decision could not be

binding on the representatives of Philip Gibson, or anybody else interested.

The account on Obear's book, by which the amount was entered to the credit of Philip Gibson, as between Obear and the administrator, would be *prima facie* evidence against Obear, but in any event parol evidence was admissible to show to whom the money really belonged. The account was entered on Obear's books for his own convenience. There is nothing to show that Elizabeth Gibson had authorized him to credit her money to her husband's account, or that she ever knew how it was entered. As to her, then, these entries would not prevent her from showing by parol evidence that the money really belonged to her, and her administrator succeeded to her rights and might do the same. The Circuit Court found that the money did not belong to the estate of Philip Gibson and I think the evidence fully sustains the finding.

The judgment will therefore be affirmed. The other judges concur.